Devin Fok (SBN #256599)
devin@devinfoklaw.com
**DHF Law, PC**
234 E. Colorado Blvd., 8th Floor
Pasadena, CA 91101
Ph: (310) 430-9933
Fax: (818) 484-2023

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHAMED S. ADAN, as an individual,<br><br>　　　　Plaintiff(s),<br><br>vs.<br><br>GENERAL INFORMATION SERVICES, INC., a foreign corporation doing business in California; and DOES 1-10 inclusive,<br><br>　　　　Defendants. | CASE NO.: **'17CV0952 BAS WVG**<br><br>**COMPLAINT FOR DAMAGES**<br><br>**JURY TRIAL DEMANDED** |

　　　Plaintiff MOHAMED S. ADAN (hereafter "Plaintiff") complains against Defendants GENERAL INFORMATION SERVICES, INC., a foreign corporation doing business in California; and DOES 1-10 inclusive (hereinafter collectively as "Defendants"), and alleges as follows:

//

//

//

COMPLAINT FOR DAMAGES

## NATURE OF THE ACTION

1. Plaintiff Mohamed Abdullahi Sheik Adan was the victim of an erroneous employment background check report causing him to be terminated from employment after five years of service. Defendant disclosed eight criminals belonging to *a different individual* on Plaintiff's employment background check report.

2. Specifically, Defendant disclosed the records belonging to a Mr. Mohamed Abdiwahab Ahmed (hereafter as "Mr. Ahmed") who lives in Washington State and who has a different first and last name as Plaintiff.

3. Plaintiff has never lived or been to Washington State and has never committed any crimes in any state including Washington State.

4. Defendant was on notice that this individually may be potentially unrelated to Plaintiff as it states, in connection with two of the seven disclosed criminal cases: "PLEASE NOTE MIDDLE NAME". Despite this awareness of a potential discrepancy, Defendant did nothing to verify that these crimes belonged to Plaintiff.

5. Plaintiff was terminated on the same day that Defendant completed its report directly causing him to lose a job which he held for the last five years.

6. Under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681e(b), a background check company must use reasonable procedures to ensure the *maximum possible accuracy* of the information reported. When it is a criminal background check report for employments, the company is furthered required to use *strict procedures* to ensure that items of public records information reported are complete and up to date. §1681k(a)(2).

7. Clearly, Defendant's conduct here falls far short of these requirements.

# THE PARTIES

8. Plaintiff is a resident of the County of San Diego in the State of California.

9. Defendant GENERAL INFORMATION SERVICES, INC. is at all times herein mentioned was, a corporation registered to do business in the State of California.

10. Plaintiff is ignorant of the Defendants sued herein as DOES 1-10, inclusive, and therefore sues those Defendants by such capacities when such information is ascertained.

11. Plaintiff is informed and believes and thereon alleges that each of the Doe Defendants is responsible in some manner for the occurrences herein alleged and that Plaintiff's damages as herein alleged were proximately caused by such occurrences.

12. Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, Defendants DOES 1-10, were agents of each other and of the named Defendants and in doing the things alleged in this complaint, were acting in the scope of such agency and with the permission and consent of Defendants.

# FACTS

13. Plaintiff was hired by his employer U.S. Security and Associates ("USSA") on or about January 11, 2011. USSA provides security services including security guards for its clients.

14. USSA procured and obtained a motor vehicle report ("MVR") from Defendant on or about January 11, 2011. The report was completed on January 13, 2011. This report adjudicated Plaintiff as "fail" because Defendant could not obtain a driving record verification from the California

-3-

Department of Vehicles based on a typo associated with Plaintiff's name that Defendant entered. Nevertheless Plaintiff was hired.

15. In 2016, Plaintiff was assigned to work for one of USSA's new clients: Samsung, Samsung requested a new background report to be run.

16. USSA requested and received a new background check report on Plaintiff from Defendant on November 4, 2016.

17. On the same day, Plaintiff was summarily terminated.

18. Plaintiff directly disputed the information with USSA and requested USSA to dispute the information with Defendant.

19. Upon receipt of a copy of the report, Plaintiff noticed that *eight different cases* belonging to a different individual who lives in King County Washington State was disclosed on his report.

20. These crimes are (in the order they appear in the report):
   a. Misdemeanor Malicious Mischief and Criminal Trespass 1st Degree
   b. Pending Misdemeanor Criminal Trespass 1st Degree case
   c. Misdemeanor Criminal Trespass – 2nd Degree
   d. Misdemeanor Theft
   e. Misdemeanor Harassment
   f. Misdemeanor Harassment
   g. Misdemeanor Property Destruction
   h. Misdemeanor Mischief – 3 Physical Damage

21. With respect to the first case, Defendant's report states that Plaintiff was sentenced to 365 days of jail time. It is factually impossible that Plaintiff could have served any such sentence because Plaintiff was physically working for USSA in San Diego during that time.

COMPLAINT FOR DAMAGES

22. With respect to the currently Pending Misdemeanor Criminal Trespass case disclosed on Plaintiff's report, Plaintiff recalls that he was working in San Diego the day before and after his supposed arrest on September 16, 2016 in Washington.

23. Moreover, Defendant was aware of the discrepancy of the middle name between the subject of the crimes and Plaintiff. Specifically, in two of the eight convictions disclosed, Defendant included the following note on its report "PLEASE NOTE MIDDLE NAME." Yet, Defendant did nothing to verify the potential inaccuracy.

24. Following his termination, Plaintiff and his counsel began investigation of potential claims associated with this case.

25. On December 6, 2016, Plaintiff's counsel sent a letter requesting a full file disclosure from Defendant pursuant to §1681g(a)(1).

26. On January 3, 2017, Defendant furnished a response to Plaintiff's request. The response includes two background check reports to Plaintiff: 1) the November 4, 2016 report disclosing erroneous information and 2) an updated clean report omitting any criminal convictions dated January 3, 2017.

27. In Defendant's §1681g(a)(1) response, Defendant disclosed that the convictions information were based on information it obtained information directly from Washington State Courts.

28. It limits its disclosure of reports "within the past three (3) years" and it further states:

> "We are enclosing the results of a search of our NRMA (National Retail Mutual Association Theft Database, OFAC, GSA and OIC databases for records that **might** belong to you. These results are on Case# 63300252." (emphasis in original).

29. §1681g(a)(1) has no three-year limitation. It states:

-5-

COMPLAINT FOR DAMAGES

> Every consumer reporting agency shall, upon request, and subject to [proper identification], disclose to the consumer: all information in the consumer's file at the time of the request…

30. Plaintiff is informed and believes and thereon alleges that Defendant's sole reason for its intentional limitation of its disclosure period in violation of §1681g(a)(1) is to conceal the existence of other potentially inaccurate reports including the 2011 USA report adjudicating Plaintiff as "fail" based on Defendant's failure to accurate input Plaintiff's name.

31. Moreover, Defendant violated §1681g(a)(1) by failing to disclose information associated with Case# 63300252 based on information available in Defendant's own NRMA database.

## FIRST CAUSE OF ACTION
## (Violation of 15 U.S.C. §1681e(b) and 1681k(a)(2) against Defendant and Does 1-10)

32. Plaintiff hereby incorporates by reference the allegations of each and every paragraph above.

33. Defendant willfully and/or recklessly violated 15 U.S.C. §1681e(b) by failing to utilize reasonable procedures to ensure the maximum possible accuracy of the information.

34. Plaintiff alleges that Defendant's actions were willful and/or reckless as Defendant knew or should have known, that utilizing a procedure that did not even require an exact name match (including the middle name) would create serious inaccuracies in its reports.

35. Alternatively, Plaintiff alleges that Defendant's actions were negligent as Defendant did not utilize reasonable procedures to ensure that the reported information was accurate.

## SECOND CAUSE OF ACTION

**(Violation of 15 U.S.C. §1681g(a)(1) against Defendant and Does 1-10)**

36. Plaintiff hereby incorporates by reference the allegations of each and every paragraph above.

37. Defendant willfully and/or recklessly violated 15 U.S.C. §1681g(a)(1) by intentionally limiting its disclosure period to three years when no such time constraints exist in order to conceal the existence of another erroneous report.

38. Defendant further violated the same code section by failing to disclose records associated to Plaintiff in its own database.

39. Defendant's willful and/or reckless violation of the statute entitles Plaintiff to actual damages, attorney's fees as well as statutory penalties.

40. Alternatively, Plaintiff alleges that Defendant's conduct was negligent.

## THIRD CAUSE OF ACTION

**(Violation of 15 U.S.C. §1681i(a)(6)(B) against Defendant and Does 1-10)**

41. Plaintiff hereby incorporates by reference the allegations of each and every paragraph above.

42. Defendant willfully and/or recklessly violated 15 U.S.C. §1681i(a)(6)(B) because to date, after receiving a dispute, and consequently issuing a new clean report, Defendant has failed to provide the mandated disclosure under said statute.

43. Defendant's failure to provide the mandated disclosure including information related to "a description of the procedure used to

determine the accuracy and completeness of the information shall be provided to the consumer by the agency…."

44. Defendant's failure to provide such information required Plaintiff and his counsel to further expand time and resources to investigate the procedure utilized by Defendant to reinvestigate including but not limited to spending money to obtain copy of courts records directly from the Washington State Courts and to incur access fees for Plaintiff's counsel to conduct research on Pacer systems within the Southern District of California as well as the Western District of Washington to confirm these sources contain information relevant to the contents of the report.

45. Defendant's willful and/or reckless violation of the statute entitles Plaintiff to actual damages, attorney's fees as well as statutory penalties.

46. Alternatively, Plaintiff alleges that Defendant's conduct was negligent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

a. For a declaration that Defendants' practices violated the statutes as specified above;
b. For statutory, compensatory, special, general, and punitive damages according to proof and as applicable against all Defendants;
c. For interest upon such damages as permitted by law;
d. For an award of reasonable attorneys' fees provided by law under all applicable statutes;
e. For the costs of suit;

    f. For injunctive relief as applicable; and

    g. For such other orders of the Court and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby request and demand a jury trial on all issues triable by jury.

DATED: May 8, 2017    DEVIN H. FOK ESQ.
                                  **DHF LAW, P.C.**

By: _____
      Devin H. Fok
      Attorney for Plaintiff